FILED
LODGED
RECEIVED    MAIL

OCT 17 2008

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

Alicia Siler
13111 SE 30th St.
Bellevue, WA 98005

Plaintiff,

v.

Sentry Credit, Inc.
c/o G&D, Inc., Registered Agent
Pier 70, 2801 Alaskan Way, #300
Seattle, WA 98121

Defendant.

Case No.

Judge:  **C 08-1534 MAT**

**COMPLAINT FOR DAMAGES**
**UNDER THE FAIR DEBT**
**COLLECTION PRACTICES ACT,**
**INVASION OF PRIVACY AND OTHER**
**EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

SEA 21277

NO ISS.

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices

   Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial

   district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or

   household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the

   debt.



08-CV-01534-CMP

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around February 12, 2008, Defendant telephoned Plaintiff.

10. During this communication, Plaintiff notified Defendant that Plaintiff had retained an attorney for purposes of filing bankruptcy.

11. Despite having notice Plaintiff's representation, Defendant telephoned Plaintiff on or around February 26, 2008.

12. Despite having notice Plaintiff's representation, Defendant telephoned Plaintiff on or around February 28, 2008.

13. Despite having notice Plaintiff's representation, Defendant telephoned Plaintiff on or around March 10, 2008.

14. Despite having notice Plaintiff's representation, Defendant telephoned Plaintiff on or around March 15, 2008.

15. Despite having notice Plaintiff's representation, Defendant telephoned Plaintiff on or around March 20, 2008.

16. During this communication, Defendant represented itself as a law firm.

17. Despite having notice Plaintiff's representation, Defendant telephoned Plaintiff on or around March 26, 2008.

18. During this communication, Defendant represented to Plaintiff that Defendant was allowed to make a settlement offer to Plaintiff but the offer expired at 6:00 pm that day.

19. Despite having notice Plaintiff's representation, Defendant telephoned Plaintiff on or around March 27, 2008.

20. During this communication, Defendant represented to Plaintiff that Plaintiff needed to call Defendant back by 5:00 pm that day or Defendant would determine what kind of action it would take against Plaintiff.

21. Despite having notice Plaintiff's representation, Defendant telephoned Plaintiff on or around March 31, 2008.

22. During this communication, Defendant represented to Plaintiff that Plaintiff needed to call Defendant by noon that day or Defendant would decide what kind of action it would take against Plaintiff.

23. Despite having notice Plaintiff's representation, Defendant telephoned Plaintiff on or around April 10, 2008.

24. During this communication, Defendant stated that Plaintiff has 48 hours to resolve the matter voluntarily.

25. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

26. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

4

## COUNT SEVEN

### Invasion of Privacy by Intrusion upon Seclusion

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

41. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

42. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

43. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

44. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

### JURY DEMAND

45. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

46. Plaintiff prays for the following relief:

  a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

  b.  Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _Lawrence Lofgren_

Lawrence S. Lofgren(34358)
600 Stewart St, Ste 724
Seattle, WA  98101
Telephone:  206-770-0444
Email:  llo@legalhelpers.com
*Attorney for Plaintiff*